DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Gerard DiConza
Lance A. Schildkraut
Tel:  (212) 682-4940
Email:  gdiconza@dtklawgroup.com
          las@dtklawgroup.com

*Proposed Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                :
                                                     :        Chapter 11
HI-TEMP SPECIALTY METALS, INC.,                      :        Case No. 16-_____
                                                     :
                      Debtor.                        :
-----------------------------------------------------------------x

## APPLICATION FOR ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT OF DICONZA TRAURIG KADISH LLP AS COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC*, TO THE PETITION DATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Hi-Temp Specialty Metals, Inc., as a debtor and debtor in possession herein (the

"Debtor"), submits this application (the "Application") for an order, pursuant to section 327(a) of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of DiConza

Traurig Kadish LLP (the "DTK Firm") as its bankruptcy counsel, *nunc pro tunc* to the petition

date, and respectfully state that:

**Jurisdiction**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      As of this date, the United States Trustee has not appointed a committee of unsecured creditors in the Debtor's case.

4.      The Debtor is a recycler and provider of specialty recycled metals for the super alloy industry.  The Debtor recycles metals in a manner that eliminates the need to source material from ore in mines, and then upgrades the material into pure forms.  The Debtor obtained and maintains material approvals from many of the world's largest manufacturers of super alloys where it is authorized and approved to provide scrap and recycled material instead of virgin material.  In this industry, the Debtor is the largest manufacturer of such material in the world, and is an essential part of the supply chain for many domestic U.S. manufacturers of precision cast parts.

**Relief Requested**

5.      By this Application, the Debtor seeks court approval, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to employ and retain the DTK Firm as its bankruptcy counsel in connection with the chapter 11 case, effective as of the Petition

Date.

## Qualifications of the DTK Firm

6.      The DTK Firm is a law firm devoted exclusively to the practice of bankruptcy law and insolvency law.  Mr. DiConza, a partner at the firm and primary attorney on this case, was formerly an associate at the bankruptcy boutique law firm of Togut, Segal & Segal LLP where Mr. DiConza assisted in the representation of debtors in chapter 11 cases before this Court, including, SK Global America, Inc., OnSite Access, Inc., Joan & David, Inc., Ames Department Stores, Inc., and Allegiance Telecom, Inc.  Mr. DiConza also worked on the representation of creditors' committees in the chapter 11 cases of Jacom Computers, Inc. and Regus Business Services.

7.      The DTK Firm has represented several chapter 11 debtors, including *Diet Channel Network, Inc*. (Bankr. S.D.N.Y. Chapter 11 Case No. 08-10396) (website business devoted to weight loss); *Broad Street Advisors, LLC* (Bankr. S.D.N.Y. Chapter 11 Case No. 08-14910) (commercial real estate brokerage business); *In re Paul Wallace, et al.* (Bankr. S.D.N.Y. Chapter 11 Case Nos. 10-22998) (owners and managers of several hotel properties); *SKM Gourmet Products, Ltd.* (Bankr. S.D.N.Y. Chapter 11 Case No. 07-10566) (pasta manufacturer and distributor).

8.      In addition to its debtor representations, the DTK Firm has represented creditors' committees in chapter 11 cases including *In re Hypnotic Taxi LLC, et al.* (Bankr. E.D.N.Y. Chapter 11 Case No. 15-43300) and I*n re Community Environmental Center, Inc. d/b/a Build It Green! NYC* (Bankr. E.D.N.Y. Case No. 15-41173) as well as significant creditors, asset buyers and other interested parties in chapter 11 cases, including, among others:  *In re Soundview Elite Ltd.*, *et al.* (Bankr. S.D.N.Y. Chapter 11 Case No. 13-13098) (DTK represents

the Chapter 11 Trustee in the liquidation of Cayman Island investment funds); The Finish Line,

Inc. (in connection with its claims against General Growth Properties and its purchase of several

leasehold interests in the chapter 11 case of The Athletes Foot Stores, Inc.); ARCADIS U.S., Inc.

(in connection with its rights and claims in the chapter 11 cases filed by General Motors,

Lyondell Chemical Company and Tronox Corporation).  Accordingly, the DTK Firm is well

qualified to assist the Debtor in the chapter 11 case.

       9.    The Debtor has been informed that Gerard DiConza, the attorney with

primary responsibility in their representation, is a member in good standing of, among others, the

Bar of the State of New York and the United States District Courts for the Southern and Eastern

Districts of New York.

       10.    Subject to the Court's approval, the DTK Firm will render professional

services to the Debtor for general matters in connection with their chapter 11 cases, which may

include, but are not limited to the following:

(a) negotiate with representatives of creditors and other parties in interest;

(b) take necessary action to protect and preserve the Debtor's estate;

(c) advise the Debtor of its rights, powers, and duties as debtor in possession under chapter 11 of the Bankruptcy Code;

(d) prepare on behalf of the Debtor, motions, applications, schedules, answers, orders, reports and papers necessary to the administration of the estate;

(e) advise the Debtor in reviewing, estimating, and resolving claims asserted against the estate;

(f) appear before this Court and any appellate courts and protect the interests of the Debtor and its estate; and

(g) perform other necessary legal services and provide other necessary legal advice to the Debtor in connection with the chapter 11 case.

11.     The DTK Firm is willing to act in this chapter 11 case and render the necessary professional services as attorney for the Debtor.  To the best of the Debtor's knowledge, the attorneys of the DTK Firm do not have any connection with or any interest adverse to the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Declaration of Gerard DiConza dated June 22, 2016 (the "DiConza Declaration"), attached hereto as Exhibit A.

12.     The DTK Firm is not a creditor of the Debtor.  As such, the DTK Firm is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code.

13.     Except as may be set forth in the DiConza Declaration, the DTK Firm has represented to the Debtor that it has not represented and will not represent any parties other than the Debtor in the chapter 11 case or in connection with any matters that would be adverse to the Debtor arising from, or related to, the case.

14.     The Debtor has been informed that the DTK Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the DTK Firm will supplement its disclosure to this Court.

15.     The Debtor engaged the DTK Firm as bankruptcy counsel in May 2016 and advanced $37,500 in three separate payments for professional services to be rendered and expenses to be charged by the DTK Firm in connection with the Debtor's chapter 11 case (the "Retainer").  In addition, on the Petition Date, the Debtor advanced $1,717 to the DTK Firm as reimbursement of the chapter 11 filing fee paid by the DTK Firm on behalf of the Debtor.

16.     The fees and expenses incurred by the DTK Firm through the Petition Date have not yet been determined.  After preparation of appropriate fee statement, the DTK

Firm will apply the Retainer funds towards payment of any prepetition professional services and related expenses; any excess amount will be held by the DTK Firm for application to, and payment of, allowed postpetition fees and expenses.  The DTK Firm agrees that the Retainer is not an evergreen retainer and will be use to pay fees and expenses as they become due and are approved by the Court.  In the event the DTK Firm's fees and expenses incurred prior to filing the Debtor's chapter 11 case exceeds the Retainer, the DTK Firm will waive any such claim against the Debtor.

17.     The Debtor may retain the DTK Firm on any reasonable terms and conditions.  The Debtor submits that the most reasonable terms and conditions are those charged by the DTK Firm to other clients on a daily basis in a competitive market for legal services.  The hourly rate charged by Gerard DiConza is $605 per hour.  The current hourly rates of the attorneys at the DTK Firm range between $375 and $645 per hour and paralegal rates range between $150 and $195 per hour.  The DTK Firm rates are adjusted annually on January 1 of each year.  The Debtor has agreed that the DTK Firm shall be reimbursed according to the DTK Firm's customary reimbursement policies.

18.     Pursuant to section 330(a)(1)(A) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with a debtor's case.  The DTK Firm's hourly rates and reimbursement policies are what the general marketplace for legal services pays in other matters every day and are reasonable as determined by the market at arm's length.

19.     The employment of the DTK Firm on the terms and conditions set forth herein is necessary, essential, and in the best interests of the Debtor, its estate, and creditors.  The

DTK Firm is well-qualified to perform the legal services as described above, and the Debtor knows of no reason why the DTK Firm should not be retained.

20.    It is contemplated that the DTK Firm will seek compensation based upon its normal hourly billing rates in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out of pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines (the "Guidelines") for reviewing motions for compensation and reimbursement of expenses filed under 11 U.S.C. § 330, the Local Bankruptcy Rules, and further orders of this Court.

21.    The Debtor requests the Court enter an order, substantially in the form annexed hereto as Exhibit B, approving the DTK Firm's retention as chapter 11 counsel for the Debtor pursuant to section 327(a) of the Bankruptcy Code.

## Notice

22.    No trustee, examiner, or creditors' committee has been appointed in the chapter 11 case.  Notice of this Application has been provided, in accordance with Bankruptcy Rules 2014 and 6003(a) to:  (i) the United States Trustee; (ii) counsel to Wells Fargo, the Debtor's pre-petition secured lender; and (iii) those creditors holding the twenty largest unsecured claims against the Debtor's estate.  In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

23.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 22, 2016
        Yaphank, New York

Respectfully submitted,

HI-TEMP SPECIALTY METALS, INC.

By: _____
      Joseph Smokovich
Its:  President _____

DICONZA TRAURIG KADISH LLP
Proposed Counsel for the Debtor

By: /s/ Gerard DiConza _____
      Gerard DiConza
      630 Third Avenue
      New York, New York 10017
      Tel: (212) 682-4940
      Email: gdiconza@dtklawgroup.com

8

**EXHIBIT A**

DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Gerard DiConza
Lance A. Schildkraut
Tel:  (212) 682-4940
Email:  gdiconza@dtklawgroup.com
           las@dtklawgroup.com

*Proposed Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                              :
                                                                    :     Chapter 11
HI-TEMP SPECIALTY METALS, INC.,             :     Case No. 16-_____
                                                                    :
                              Debtor.                       :
-------------------------------------------------------------x

### DECLARATION OF GERARD DICONZA IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b) AUTHORIZING THE EMPLOYMENT OF DICONZA TRAURIG KADISH LLP AS COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC*, TO THE PETITION DATE

I, Gerard DiConza, hereby declare, pursuant to section 1746 of title 28 of the

United States Code that the following is true to the best of my knowledge, information and

belief:

1.        I am a partner of DiConza Traurig Kadish LLP (the "DTK Firm"), located

at 630 Third Avenue, Seventh Floor, New York, New York 10017.  I am a member in good

standing of the Bar of the State of New York and am admitted to practice in the Eastern District

of New York.

2.        I am in all respects competent to make this Declaration in support of the

application (the "Application")[1] of Hi-Temp Specialty Metals, Inc., the above-captioned debtor

---

[1]        Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

in possession (the "Debtor"), to retain the DTK Firm as its counsel, *nunc pro tunc* to the Petition

Date, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set

forth herein.

### Disinterestedness

3.    Based on the conflicts search conducted to date by the DTK Firm and

described herein, to the best of my knowledge, neither the DTK Firm, nor any partner, including

myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection

with the Debtor, its creditors or any other parties in interest, or their respective attorneys and

accountants, nor with the United States Trustee or any person employed by the United States

Trustee, except as disclosed herein.

4.    The DTK Firm is a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that

the DTK Firm, its partners, counsel and associates, except as disclosed herein:

> (a)    are not creditors, equity security holders or insiders of the Debtor;
>
> (b)    are not and were not, within two years before the date of filing of the Debtor's chapter 11 case, a director, officer or employee of the Debtor; and
>
> (c)    do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

5.    I am not related, and to the best of my knowledge, no attorney at the DTK

Firm is related, to any United States Bankruptcy Judge in the Eastern District of New York or to

the United States Trustee or any employee thereof.

6. The DTK Firm will periodically review its files during the pendency of the chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the DTK Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

7. To the best of my knowledge, as of the Petition Date, the DTK Firm was not owed any amounts by the Debtor or its affiliates for legal services rendered prior to the Petition Date. In the event that the DTK Firm has a claim against the Debtor for services rendered prior to the Petition Date, the firm agrees to waive any such claim.

### Connections With Parties in Interest

8. In connection with the Application, the DTK Firm took the following actions to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and other applicable rules, regulations, and guidelines with respect to the employment of professionals by a debtor. Using information available in the public records or provided by the Debtor, I compiled a list of significant persons in the chapter 11 case of the Debtor, including the Debtor, its shareholders, unsecured creditors, landlords, and other parties in interest (collectively, the "Bankruptcy Parties List").

9. I then reviewed the Bankruptcy Parties List against the DTK Firm's client database and reviewed any matches between the lists. In addition, all attorneys of the Firm were asked to disclose any connection with partied on the Bankruptcy Parties List. Except for those parties listed below, the inquiries revealed that the DTK Firm does not have any connections with the persons or entities listed on the Bankruptcy Parties List.

10.     The DTK Firm and certain of its attorneys may have in the past represented, and may likely in the future represent, parties-in-interest of the Debtor in connection with matters unrelated to the Debtor.  In addition, as set forth below in detail, the DTK Firm (a) represents PSEG Long Island ("<u>PSEG</u>") as bankruptcy counsel, which provides utility services to the Debtor and (b) acted as local bankruptcy counsel in a chapter 11 case in the Southern District of New York for Wells Fargo Bank, National Association ("<u>Wells Fargo</u>"), the Debtor's largest secured lender.

11.     The DTK Firm represented PSEG in connection with its claims against Twin Rinks at Eisenhower LLC, a chapter 11 debtor before this Court (Bankr. Case No. 15-72466) and currently represents PSEG in connection with claims asserted against PSEG in the chapter 11 cases of CWC Liquidation Inc., f/k/a Coldwater Creek Inc., *et al.* pending in the Bankruptcy Court for the District of Delaware (Case No. 14-10867 (BLS)).  Revenues generated by services rendered on behalf of PSEG are less than 1% of DTK's revenues generated over the last year.  The DTK Firm has not represented, nor will it represent, PSEG in connection with any claims or matters relating to the Debtor.

12.     The DTK Firm acted as local counsel for the law firm, Choate, Hall & Stewart LLP, in representing Wells Fargo in the chapter 11 case filed by The Great Atlantic & Pacific Tea Company, Inc. (a/k/a A&P Supermarkets) in the Bankruptcy Court for the Southern District of New York (Case No. 15-23007 (RDD)).  Revenues generated in connection with local counsel services rendered on behalf of Wells Fargo are less than 2.5% of DTK's revenues generated over the last year.

## Services To Be Rendered

13.    The Debtor seeks to employ the DTK Firm as bankruptcy counsel in its chapter 11 case.  In particular, the Debtor anticipates that the DTK Firm will render, among others, the following professional services:

    (a)    negotiate with representatives of creditors and other parties in interest;

    (b)    take necessary action to protect and preserve the Debtor's estate;

    (c)    advise the Debtor of its rights, powers, and duties as debtor in possession under chapter 11 of the Bankruptcy Code;

    (d)    prepare on behalf of the Debtor, motions, applications, schedules, answers, orders, reports and papers necessary to the administration of the estate;

    (e)    advise the Debtor in reviewing, estimating, and resolving claims asserted against its estate;

    (f)    appear before this Court and any appellate courts and protect the interests of the Debtor and its estate; and

    (g)    perform other necessary legal services and provide other necessary legal advice to the Debtor in connection with its chapter 11 case.

## Professional Compensation

14.    I will be the primary attorney providing the services on this engagement; my current hourly rate is $605 per hour.  The current hourly rates of the other attorneys at the DTK Firm range between $375 and $645 per hour and paralegal rates range between $150 and $195 per hour.  If the DTK Firm rates increase, the DTK Firm will provide written notice of any such increase to the United States Trustee and the Court.

15.    It is the DTK Firm's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying charges (internal copies charged at $0.10 per page and external at cost), witness fees, travel expenses, filing and recordation fees, international telephone calls,

5

postage, express mail and messenger charges, computerized legal research charges and other computer services and expenses for "working meals". The DTK Firm will charge the Debtor for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines.

16.    No promises have been received by the DTK Firm nor by any member, counsel or associate thereof as to compensation in connection with the Debtor's chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.

17.    The Debtor engaged the DTK Firm as bankruptcy counsel in May 2016 and advanced $20,000 on May 25, $10,000 on June 4 and $7,500 on June 17, 2016 for professional services to be rendered and expenses to be charged by the DTK Firm in connection with the Debtor's chapter 11 case (the "Retainer"). In addition, on the Petition Date, the Debtor advanced $1,717 to the DTK Firm as reimbursement of the chapter 11 filing fee paid by the DTK Firm on behalf of the Debtor. The fees and expenses incurred by the DTK Firm through the Petition Date have not yet been determined. After preparation of appropriate fee statement, the DTK Firm will apply the Retainer funds towards payment of any prepetition professional services and related expenses; any excess Retainer amount will be held by the DTK Firm for application to, and payment of, allowed postpetition fees and expenses. The DTK Firm agrees that the Retainer is not an evergreen retainer. In the event the DTK Firm's fees and expenses incurred prior to filing the Debtor's chapter 11 case exceeds the Retainer, the DTK Firm will waive any such claim against the Debtor.

18.    The DTK Firm has no agreement with any other entity to share with such entity any compensation received by the DTK Firm in connection with the chapter 11 case of the Debtor.

19.     The DTK Firm further states pursuant to Bankruptcy Rule 2016(b) that it

has not shared, nor agreed to share (a) any compensation it has received or may receive.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2016
       New York, New York

                                                    /s/ Gerard DiConza
                                                    Gerard DiConza

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                        :
                                                             :        Chapter 11
HI-TEMP SPECIALTY METALS, INC.,          :        Case No. 16-_____
                                                             :
                        Debtor.                       :
-----------------------------------------------------------------x

## ORDER GRANTING APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT OF DICONZA TRAURIG KADISH LLP AS COUNSEL FOR THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE

Upon the Application dated June __, 2016 (the "Application")[1] of Hi-

Temp Specialty Metals, Inc., as debtor and debtor in possession (the "Debtor"), pursuant

to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), for an Order

authorizing it to employ DiConza Traurig Kadish LLP (the "DTK Firm") as counsel for

the Debtor, *nunc pro tunc* to June 22, 2016 (the "Petition Date"), all as more fully set

forth in the Application; and upon the Declaration of Gerard DiConza, Esq., a partner of

the DTK Firm, dated June 22, 2016 (the "DiConza Declaration"); and it appearing that

Gerard DiConza is duly admitted to practice before this Court; and the Court being

satisfied, based on the representations made in the Application and the DiConza

Declaration, that the DTK Firm is "disinterested" as such term is defined in section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code, and represents no interest adverse to the Debtor's estate for the matters upon which

it is to be engaged; and the Court having jurisdiction to consider the Application and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration

---

[1]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

of the Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided; and it

appearing that no other or further notice need be provided; and the Court having

determined that the relief sought in the Application is in the best interests of the Debtor

and its estate and creditors; and the Court having determined that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and

any objections having been withdrawn or overruled; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted and approved; and it is further

ORDERED that pursuant to section 327(a) of Bankruptcy Code, the

Debtor is hereby authorized to employ and retain the DTK Firm as its counsel in the

Debtor's chapter 11 case in accordance with the DTK Firm's hourly rates and

disbursement policies as set forth in the DiConza Declaration, effective as of the Petition

Date; and it is further

ORDERED that, to the extent that the DTK Firm has a pre-petition claim

to waive, any such waiver shall be filed with the Court and be on notice to the United

States Trustee and any official committees appointed in the case; and it is further

ORDERED that written notice of any billing rate changes shall be

provided to the Court, the United States Trustee and any official committees appointed in

the case; and it is further

ORDERED that the DTK Firm shall be compensated in accordance with

the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable

Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court, guidelines

established by the Office of the United States Trustee, and other such procedures as may

be fixed by order of this Court.

NO OBJECTION:

OFFICE OF UNITED STATES TRUSTEE
EASTERN DISTRICT OF NEW YORK

By:_____