DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Gerard DiConza
Lance A. Schildkraut
Tel:  (212) 682-4940
Email:  gdiconza@dtklawgroup.com
          las@dtklawgroup.com

*Proposed Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                              :

                                                                   :          Chapter 11

HI-TEMP SPECIALTY METALS, INC.,         :          Case No. 16-_____

                                                                   :

                        Debtor.                           :

-----------------------------------------------------------------x

**APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND
BANKRUPTCY RULE 2014(a) FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF COHNREZNICK CAPITAL
MARKET SECURITIES AS INVESTMENT BANKER TO DEBTOR AND
<u>DEBTOR-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

   Hi-Temp Specialty Metals, Inc., as debtor and debtor in possession (the "**Debtor**"),

through its undersigned counsel, submits this application (the "**Application**") for an order

authorizing and approving the employment of CohnReznick Capital Market Securities, LLC

("**CRCMS**"), as investment banker to the Debtor pursuant to sections 327(a) and 328(a) of title

11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**")

and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy

Rules**"), and respectfully represents as follows:

**<u>Jurisdiction</u>**

   1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory predicates for the relief requested are sections 327 and 328

of the Bankruptcy Code and Bankruptcy Rule 2014(a).

### Background

3.        On the date hereof (the **"Petition Date"**), the Debtor filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to operate

its business and manage its properties as debtor in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

4.        As of this date, the United States Trustee has not appointed a committee of

unsecured creditors in this case.

5.        The Debtor is a recycler and provider of specialty recycled metals for the

super alloy industry.  The Debtor recycles metals in a manner that eliminates the need to source

material from ore in mines, and then upgrades the material into pure forms.  The Debtor obtained

and maintains material approvals from many of the world's largest manufacturers of super alloys

where it is authorized and approved to provide scrap and recycled material instead of virgin

material.  In this industry, the Debtor is the largest manufacturer of such material in the world,

and is an essential part of the supply chain for many domestic U.S. manufacturers of precision

cast parts.

6.        The Debtor has reviewed several alternatives from potential financial

advisors and investment banking firms.  After review, the Debtor selected CRCMS to serve as its

Investment Banker during reorganization efforts, primarily in connection with refinancing the

senior secured debt and accessing new equity capital.

7.      The Debtor expects that CRCMS will assist it by providing investment banking services to source new senior secured debt and possible new equity capital.  The terms and conditions of the Debtor's proposed retention of CRCMS are set out in the engagement agreement dated June 13, 2016 attached to this Application as Exhibit "A" (the "**Engagement Agreement**"). The Debtor hereby incorporates the Engagement Agreement by reference.  A summary of certain material terms of the Engagement Agreement is provided below.

**Relief Requested**

8.      By this Application, the Debtor seeks court approval, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1:  (i) authorizing the Debtor to retain and compensate CRCMS as investment banker in connection with its chapter 11 case, *nunc pro tunc* to the Petition Date; (ii) approving the terms and conditions of the Engagement Agreement; (iii) authorizing the Debtor take such actions as may be necessary to carry out its duties under the Engagement Agreement; and (iv) granting such further relief as may be appropriate.

9.      Under section 327(a) of the Bankruptcy Code, a trustee (or debtor in possession) may employ professionals that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out its duties.  11 U.S.C. § 327(a).

10.     Under section 328(a) of the Bankruptcy Code, a trustee (or debtor in possession) may employ a professional "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

11.     Federal Bankruptcy Rule 2014 requires that an application for retention of

a professional person include:

> [S]pecific acts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

## A. Qualifications of CRCMS

12.     CRCMS, the wholly owned and independent affiliated investment bank of

CohnReznick LLP, is a registered broker-dealer and a member firm of the Financial Industry

Regulatory Authority.  Jeffrey R. Manning, CTP, Managing Director, will lead the engagement.

The firm is a Maryland limited liability Debtor with four offices.

13.     CRCMS has provided investment banking services in many bankruptcy

matters, including, *In re Cloudeeva, et. al*. (Bankr. D. N.J. 14-24874 (KCF)), *In re SkyMall*

(Bankr. D. Ari. 2:15-bk-00679 (BKM)), *In re Dial-A-Mattress Operating Corp, et.al.* (Bankr.

E.D.N.Y. 09-41966 (DEM)), *In re Greek Peak Mountain Resorts, et. Al.* (Bankr. E.D.N.Y. 12-

31471 (CRS)), and many others.  In addition, CRCMS has also provided investment banking

services in many "storied" situations, where based upon a completed transaction the client was

able to avoid bankruptcy. Jeffrey R. Manning -- a Managing Director of CRCMS's Baltimore

Office -- will lead the engagement.

## B. Disinterestedness of CRCMS

14.     To the best of the Debtor's knowledge, information, and belief, and based

upon the attached Declaration of Jeffrey R. Manning in Support of the Debtors' Application for

Order Authorizing Retention and Compensation of CRCMS as Investment Banker (the

"**Manning Declaration**"):  (i) CRCMS is a "disinterested person" within the meaning of section

101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and as

referenced in section 328(c) of the Bankruptcy Code, and holds no interest materially adverse to

the Debtor, the Debtor's estate (the "**Estate**"), and/or creditors regarding the matters for which

CRCMS is to be employed; and (ii) CRCMS has no connection to the Debtor, the Estate,

creditors, and/or to any related parties, except as may be disclosed in the Manning Declaration.

Moreover, the retention and employment of CRCMS is necessary, and is in the best interests of

the Estate and creditors.

15.    In addition, based upon the Manning Declaration, to the best of the

Debtor's knowledge, information, and belief (i) none of CRCMS's past or current engagements

would create, or appear to create, an interest materially adverse to the interests of the Debtor, the

Estate, and/or creditors and, as such, the Debtor believes that CRCMS is disinterested and holds

no materially adverse interest relating to the matters upon which it is to be retained; and (ii) to

the extent that CRCMS discovers any facts bearing on the matters described herein during the

period of its retention, CRCMS will supplement the information contained in the Manning

Declaration.

## C. Scope of Services

16.    The Engagement Agreement governs the relationship between CRCMS

and the Debtor.  Pursuant to the Engagement Agreement, CRCMS will assist and advise the

Debtor with many aspects of its chapter 11 case, including but not limited to, the following:

(a)    evaluating the business, operations and financial position of the Debtor;

(b)    analyzing the business, operations and financial position of the Debtor and preparing it for a financing, and recommending financial and strategic alternatives with respect to the financing;

(c)    assisting the preparation of materials, including business, financial information, and descriptive memoranda, to be provided to potential lenders and investors, preparing the Debtor for the marketing process, and contacting prospective lenders and investors;

(d)    assisting Debtor in establishing criteria for potential lenders and investors, identifying, screening and ranking prospective investors, and evaluating proposals received from potential lenders and investors;

(e)    counseling the Debtor on negotiations with the potential providers of capital and their advisors;

(f)    directing and coordinating the due diligence process;

(g)    providing timely reporting to the Debtor and its current lenders on the status and progress of the above;

(h)    assisting the Debtor and its other advisors through a transaction that results in the closing of a new financing (a "**Financing**"), investment or sale of the Debtor's assets through section 363 sale or 1129 of the Bankruptcy Code (a "**Transaction**"); and

(i)    advising the Debtor on other matters that may arrive from time to time during its engagement.

17.    The Debtor believes that these services will not duplicate the services that other professionals will be providing to the Debtor in this case.  CRCMS will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other professionals to avoid the unnecessary duplication of services.

**D. Compensation**

        18.    As set forth in the Engagement Agreement, the Debtor has agreed that

CRCMS will receive the following as compensation for the services to be provided:

(a)    Retainer Fee.  CRCMS received a retainer of $50,000 in advance of the filing.  No

other retainer or fees are due until a Transaction is approved by the court.

(b)    Financing Fee.  Subject to bankruptcy court review and approval, in the event the

Debtor completes a Financing, then CRCMS shall earn a fee equal to the higher of

$200,000 or:  i) 6.0 percent (600 basis points) on any new equity investment, including

preferred and common private equity; ii) 3.5 percent (350 basis points) on any mezzanine

debt capital issued, if any; and iii) 1.5 percent (150 basis points) on any new commitment

of senior secured bank debt.

(c)    Transaction Fee.  In the event that the Debtor enters into one or more preliminary

or definitive agreements or transactions pursuant to which directly or indirectly, control

of or a majority interest in the Debtor (including, without limitation, a majority of the

outstanding capital stock of the Debtor) or its subsidiaries or affiliates, or any of their

respective businesses, or a majority of their respective assets are to be transferred for

consideration, whether through a sale under section 363 or 1129 of the Bankruptcy Code,

and such preliminary or definitive agreement or transaction is entered into prior to

consummation of the Financing and during, or within twelve (12) months following

termination of, the term of CRCMS' engagement hereunder, then the Debtor will pay to

CRCMS, upon the consummation of the Transaction, as consideration for its services

hereunder, an advisory fee equal to the greater of $200,000 or 3.0 percent (300 basis

points) of the full transaction value of the Transaction, including without limitation all

consideration paid or payable by an acquiring party to a selling party in connection with such Transaction. Notwithstanding the foregoing, any transaction in which securities of the Debtor are issued shall constitute a Financing and not a Transaction.

(d)    Expenses. In addition to the fees described above, subject to bankruptcy court review and approval the Debtor will pay CRCMS's reasonable out-of-pocket expenses in carrying out its duties under this engagement, including reimbursement for the use of data base services. Aggregate expenses will not exceed $10,000 without the expressed written consent of the Debtor.

19.    The compensation described above is reasonable under the circumstances and satisfies the requirements of section 328(a) of the Bankruptcy Code. The compensation described above is, in effect, a contingency fee arrangement. If a Financing or Transaction does not occur, then CRCMS' compensation is limited to the retainer.

## E. Waiver of Time Records

20.    The Debtor requests that CRCMS be excused from maintaining detailed time records in connection with the services to be rendered pursuant to the Engagement Agreement. Time records are unnecessary and unduly burdensome for investment banking services, especially given that the Financing or Transaction fees are payable entirely on a contingency basis, and requests a waiver of such requirements in connection with the services to be provided by CRCMS.

21.    CRCMS will file a final fee application including a summary of all fees earned and expenses to be reimbursed in this chapter 11 case.

## NOTICE

22.    Notice of this Application, together with a copy of this Application, has been given to: (i) the Office of the United States Trustee; (ii) counsel for Wells Fargo, the Debtor's pre-petition secured lender; and (iii) the Debtor's twenty (20) largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in substantially the attached form: (i) granting this Application and authorizing the Debtor to retain CRCMS *nunc pro tunc* to the Petition Date; (ii) authorizing the Debtor to retain and compensate CRCMS as investment banker as provided in the Engagement Agreement; (iii) approving the terms and conditions of the Engagement Agreement; (iv) authorizing the Debtor to take such actions as may be necessary to carry out its duties under the Engagement Agreement; and (vi) granting any such further relief as may be appropriate.

Dated: June 22, 2016
       Yaphank, New York

Respectfully submitted,

HI-TEMP SPECIALTY METALS, INC.

By: _____
    Joseph Smokovich
Its: President _____

DICONZA TRAURIG KADISH LLP
Proposed Counsel for the Debtor

By:    /s/ Gerard DiConza
       Gerard DiConza
       630 Third Avenue
       New York, New York 10017
       Tel: (212) 682-4940
       Email: gdiconza@dtklawgroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                    :
                                                         :        Chapter 11
HI-TEMP SPECIALTY METALS, INC.,                          :        Case No. 16-_____
                                                         :
                                 Debtor.                 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), AND BANKRUPTCY RULE 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF COHNREZNICK CAPITAL MARKET SECURITIES LLC AS INVESTMENT BANKER TO DEBTOR AND DEBTOR-IN-POSSESSION

Upon the Application dated June \_\_, 2016 (the **"**Application**"**)[1] of Hi-Temp

Specialty Metals, Inc., as debtor and debtor in possession (the **"**Debtor**"**), pursuant to section

327(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**")

and Bankruptcy Rule 2014(a), for an Order authorizing the Debtor to employ and retain

CohnReznick Capital Market Securities LLC ("**CRCMS**") as its investment banker, *nunc pro*

*tunc* to June \_\_, 2016 (the **"Petition Date"**), all as more fully set forth in the Application; and

the Court having reviewed the Application, the Declaration of Jeffrey R. Manning, a Managing

Director at CRCMS, in support of the Application (the "**Declaration**") and the engagement

agreement between CRCMS and the Debtor, (the "**Engagement Agreement**" a copy of which is

annexed to the Application as Exhibit "A"); and the Court being satisfied with the

representations made in the Application and the Declaration that CRCMS holds no interest

adverse to the Debtor or the Debtor's estate with respect to the matters upon which it is to be

engaged, that it is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code; and that CRCMS's retention and employment on the terms set forth below is

necessary and in the best interests of the Debtor's estate, creditors, and other parties in interest;

and it appearing that notice of the Application was good and sufficient under the particular

circumstances and that no other or further notice need be given; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

ORDERED that the Application is granted and approved; and it is further

ORDERED that pursuant to section 327(a) of the Bankruptcy Code, the Debtor,

as debtor-in-possession, is hereby authorized to employ and retain CRCMS as its investment

banker on the terms set forth in the Engagement Agreement, effective as of the date of the

Engagement Agreement; and it is further

ORDERED that the terms and conditions of the Engagement Agreement are

hereby approved; and it is further

ORDERED that the Debtor is hereby authorized to take such actions as may be

necessary to carry out its duties under the Engagement Agreement; and it is further

ORDERED that all fees and expenses earned by or reimbursable to CRCMS

under the Engagement Agreement shall constitute administrative expense claims in this chapter

11 case; and it is further

ORDERED that the requirements of detailed time records are waived and

CRCMS shall file monthly fee statements, interim and final fee applications that include a

summary of all fees earned and reimbursable expenses in the Debtor's chapter 11 case; and it is

further

ORDERED that all compensation payable to CRCMS under the Engagement

Agreement shall be subject to the standard of review set forth in section 328(a) of the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3

Bankruptcy Code and not any other standard, including that set forth in section 330 of the

Bankruptcy Code.


NO OBJECTION:

OFFICE OF UNITED STATES TRUSTEE
EASTERN DISTRICT OF NEW YORK


By: