DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Gerard DiConza
Lance A. Schildkraut
Tel: (212) 682-4940
Email: gdiconza@dtklawgroup.com
       las@dtklawgroup.com

*Proposed Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                          :
                                               :     Chapter 11
HI-TEMP SPECIALTY METALS, INC.,                :     Case No. 16-_____
                                               :
                    Debtor.                    :
----------------------------------------------------------------x

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Hi-Temp Speciality Metals, Inc., the above-captioned debtor and debtor in possession ("Hi-Temp" or the "Debtor"), by and through its counsel, DiConza Traurig Kadish LLP, submits this motion (the "Motion") for entry of an order in the form attached hereto as Exhibit A establishing procedures for interim compensation and reimbursement of expenses of professionals, and respectfully represent as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues in possession of its property and continues to operate and

manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No trustee or committee has been appointed in the case.

## Jurisdiction

4.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

6.  The predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") and Administrative Order No. 538, *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (Bankr. E.D.N.Y. Apr. 10, 2009) ("Administrative Order No. 538").

## Relief Requested

7.  In connection with its filing for chapter 11 relief, the Debtor selected DiConza Traurig Kadish LLP as its general bankruptcy counsel and CohnReznick Capital Markets Securities, LLC[1] as investment banker (subject to Court approval). The Debtor and any official

---

[1] It is not anticipated that CohnReznick will file monthly fee statements requesting payment of fees. As noted in the Debtor's Application to retain CohnReznick, a substantial portion of CohnReznick's fees are contingent and payable only open a successful transaction that would refinance the Debtor's current secured lender. Upon such

2

committee appointed in this case may deem it necessary to retain additional professionals in the future, subject to the United States Trustee's review and the Court's approval. All professionals retained by the Debtor and any committee appointed in this case are collectively referred to herein as the "Professionals."

8. By this Motion, the Debtor requests entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to establish an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. The order will enable this Court, the U.S. Trustee and all other parties in interest to monitor effectively the Professionals' fees and expenses incurred in this case.

9. Approved fees and reimbursement of expenses of the Professionals are to be funded through revenue generated by the Debtor's business operations. Through a motion filed on the Petition Date (the "Cash Collateral Motion"), the Debtor is seeking authorization to use "cash collateral" as such term is defined in section 363(a) of the Bankruptcy Code that is subject to the pre-petition liens of Wells Fargo Bank, National Association ("Wells Fargo"). The Debtor anticipates generating sufficient liquidity and requests this Court's authorization to use cash collateral to pay, among other things, necessary operating expenses and fees and expenses of the Professionals.

10. The Debtor believes that establishing orderly procedures for payment of the

---

successful transaction, CohnReznick will file a fee application seeking payment of its fees. CohnReznick may, however, seek reimbursement of its expenses up to $10,000, in accordance with the terms of this Motion.

Professionals will streamline the administration of its chapter 11 case and otherwise promote efficiency for this Court, the U.S. Trustee and all parties in interest. Specifically, a streamlined process for serving interim fee applications and the notices thereof is in the best interest of the Debtor because it will facilitate efficient review of the Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses.

### The Proposed Compensation Procedures

11. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. Additionally, section 105(a) of the Bankruptcy Code authorizes this Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

12. The Debtor requests issuance of an order pursuant to sections 105(a) and 331 of the Bankruptcy Code and in accordance with Administrative Order No. 538. Specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a) On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement (a "Monthly Fee Statement") by hand, overnight delivery, or email transmission on: (i) the Debtor, Hi-Temp Specialty Metals, Inc., 355 Sills Road, P.O. Box 159, Yaphank, NY 11980, Attn: Joseph Smokovich, President, joesmokov@aol.com; (ii) counsel to the Debtor, DiConza Traurig Kadish LLP, 630 Third Avenue, New York, NY 10017, Attn: Gerard DiConza, gdiconza@dtklawgroup.com; (iii) the Office of the U.S. Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722; (iv) counsel to any committee appointed in this case; and (v) counsel to the Debtor's prepetition secured lender, Wells Fargo (collectively, the "Notice Parties").

(b) On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation will file its Monthly Fee Statement with the Court; however, a courtesy copy need not be

        delivered to the presiding Judge's chambers. The order approving the relief requested in this Motion does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Administrative Order No. 538.

(c)     Each Monthly Fee Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, banker, financial advisor, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to this Court's Administrative Orders dated June 24, 1991, and April 21, 1995, for the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

(d)     In the event any Notice Party has an objection to the compensation or reimbursement sought in the Monthly Fee Statement, such Notice Party shall, by no later than the 35th day following the last day of the month for which compensation is sought (the "<u>Objection Deadline</u>"), serve upon such Professional, and the other Notice Parties, a written notice of objection to the Fee Statement (the "<u>Notice of Objection</u>") setting forth the nature of the objection and the amount of fees or expenses at issue.

(e)     At the expiration of the Objection Deadline, the Debtor shall, to the extent it has available cash, pay (i) 80 percent of the Professionals' fees and (ii) 100 percent of the undisputed expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with subparagraph (d).

(f)     If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in subparagraph (e).

(g)     Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and if the Professional whose Monthly Fee Statement was objected to serves on all of the parties listed in subparagraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with subparagraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection.

(h)     All objections that are not resolved by the parties shall be preserved and presented

to this Court at the next interim or final fee application hearing to be held by this Court.

(i) The service of an objection in accordance with subparagraph (d) shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

(j) Approximately every 150 days, each of the Professionals shall serve and file with this Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.

(k) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

(l) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

(m) Counsel for any official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

13. The Debtor further requests that only the Notice Parties shall be served full copies of interim and final fee applications (collectively, the "Applications") and that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in the chapter 11 case shall be entitled to receive only notices of hearings on the Applications (the "Hearing Notice"), with a right to receive copies of the Applications upon request. The Applications are anticipated to be voluminous, and the Debtor submits that serving the Applications and the Hearing Notices in this manner will permit the parties most active in

this chapter 11 case to review and object to the Professionals' fees efficiently and will save unnecessary duplications and mailing expenses.

14.     The Debtor believes that the proposed Compensation Procedures will enable the Debtor and other core parties in interest to closely monitor costs of administration, maintain level cash flow availability and implement efficient cash management procedures. Moreover, these procedures will allow this Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals.

15.     The Debtor submits that the efficient administration of this chapter 11 case will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures.

## Basis for the Relief Requested

16.     Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. *See* 11 U.S.C. § 331. In addition, Administrative Order No. 538 specifically authorizes the use of interim compensation procedures.

17.     Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g., In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). The amount of time and effort that will be required from the Professionals to successfully reorganize the Debtor's business justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are

fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment. The Debtor respectfully submits that the Compensation Procedures sought herein are appropriate in light of the foregoing.

18. Additionally, on April 10, 2009, the Board of Judges of this Court approved Administrative Order No. 538 so as to provide professionals with clear and concise procedures for seeking monthly compensation and reimbursement of expenses in chapter 11 cases. Administrative Order No. 538 provides that all monthly fee orders conform to its requirements t and be requested by motion on notice to the parties described therein. The Debtor submits that the Compensation Procedures substantially comply with the guidelines promulgated by this Court pursuant to Administrative Order No. 538 and should therefore be approved.

19. Courts in this jurisdiction have regularly granted relief similar to that requested herein. *See, e.g., In re Interfaith Medical Center, Inc.*, Case No. 12-48226 (Bankr. E.D.N.Y. Jan. 18, 2013); *In re Global Aviation Holdings, Inc*., Case No. 12-40783 (Bankr. E.D.N.Y. Mar. 8, 2012); *In re The Brown Publishing Co.*, Case No. 10-73295 (Bankr. E.D.N.Y. June 7, 2010); *In re The Innovative Companies LLC,* Case No. 09-72669 (Bankr. E.D.N.Y. Dec. 17, 2009); *In re South Side House, LLC,* Case No. 09-43576 (Bankr. E.D.N.Y. Oct. 7, 2009); *In re Caritas Health Care, Inc.*, Case No. 09-40901 (Bankr. E.D.N.Y. Mar. 27, 2009); and *In re Victory Memorial Hospital*, Case No. 06-44387 (Bankr. E.D.N.Y. Dec. 15, 2006).

## Notice

20. The Debtor will provide notice of this Motion to: (a) the U.S. Trustee; (b) the Debtor's twenty largest unsecured creditors; (c) counsel to Wells Fargo, the Debtor's prepetition secured lender; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

## No Prior Request

21. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
       June 22, 2016

                          Respectfully submitted,

                          DICONZA TRAURIG KADISH LLP
                          *Proposed Attorneys to Debtor and Debtor in Possession*

                          By: /s/ Gerard DiConza
                               Gerard DiConza
                               Lance A. Schildkraut
                               630 Third Avenue
                               New York, New York 10017
                               Telephone: (212) 682-4940

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                                            :
                                                                 :      Chapter 11
HI-TEMP SPECIALTY METALS, INC.,                                  :      Case No. 16-_____
                                                                 :
                                    Debtor.                      :
----------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AND PROFESSIONALS

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1 and Administrative Order No. 538, authorizing the Debtor to establish procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully described in the Motion; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and after a hearing held and upon the record of the hearing and all proceedings before the this Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1]     Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

**ORDERED THAT**:

1. Except as may otherwise be provided by orders of this Court authorizing the retention of specific Professionals, Professionals in these cases may seek monthly compensation in accordance with the following Compensation Procedures:

    (a) On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement (a "<u>Monthly Fee Statement</u>") by hand, overnight delivery, or email transmission on: (i) the Debtor, Hi-Temp Specialty Metals, Inc., 355 Sills Road, P.O. Box 159, Yaphank, NY 11980, Attn: Joseph Smokovich, President, joesmokov@aol.com; (ii) counsel to the Debtor, DiConza Traurig Kadish LLP, 630 Third Avenue, New York, NY 10017, Attn: Gerard DiConza, gdiconza@dtklawgroup.com; (iii) the Office of the U.S. Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722; (iv) counsel to any committee appointed in this case; and (v) counsel to the Debtor's prepetition secured lender, Wells Fargo (collectively, the "<u>Notice Parties</u>").

    (b) On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation will file its Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the presiding Judge's chambers. The order approving the relief requested in the Motion does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Administrative Order No. 538.

    (c) Each Monthly Fee Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to this Court's Administrative Orders dated June 24, 1991, and April 21, 1995, for the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

(d) In the event any Notice Party has an objection to the compensation or reimbursement sought in the Monthly Fee Statement, such Notice Party shall, by no later than the 35th day following the last day of the month for which compensation is sought (the "Objection Deadline"), serve upon such Professional, and the other Notice Parties, a written notice of objection to fees statement (the "Notice of Objection") setting forth the nature of the objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtor shall, to the extent it has available cash, pay (i) 80 percent of the Professionals' fees and (ii) 100 percent of the undisputed expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with subparagraph (d).

(f) If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in subparagraph (e).

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and if the Professional whose Monthly Fee Statement was objected to serves on all of the parties listed in subparagraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with subparagraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to this Court at the next interim or final fee application hearing to be held by this Court.

(i) The service of an objection in accordance with subparagraph (d) shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

(j) Approximately every 150 days, each of the Professionals shall serve and file with this Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as

the case may be), of the compensation and reimbursement of expenses requested.

(k) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

(l) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

(m) Counsel for any official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

2. The amount of fees and disbursements sought shall be set out in U.S. dollars, and, if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

3. The Debtor shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Any party may file a motion seeking modification or suspension of monthly payments to Professionals made pursuant to this Order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports, or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this Order until such motion is resolved.

5. The monthly payments to Professionals pursuant to this Order may be suspended by the Court *sua sponte*.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Local Rules are satisfied by such notice.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.