Rosen, Kantrow & Dillon, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **3/6/18** |
| EASTERN DISTRICT OF NEW YORK | TIME: **10:00 a.m.** |

-------------------------------------------------------------x
In re:

                                                                 Case No.: 16-72767-las

HI-TEMP SPECIALTY METALS, INC.,         Chapter 7

                             Debtor.

-------------------------------------------------------------x

**FIRST AND FINFAL FEE APPLICATION OF
BRAGAR EAGEL & SQUIRE, P.C. AS SPECIAL COUNSEL TO THE CHAPTER 11
TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES PURSUANT TO SECTIONS 327, 328, 330 AND 331 OF THE
BANKRUPTCY CODE and RULES 2002 AND 2016 OF
<u>THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

TO:    HON. LOUIS A. SCARCELLA
          UNITED STATES BANKRUPTCY JUDGE

        The Application of Bragar, Eagel & Squire, P.C. ("BES") Special Counsel for ALLAN B. MENDELSOHN, ESQ, the Chapter 7 Trustee (the "Trustee") respectfully represents:

        1.     This is an Application made pursuant to Section 327, 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure for the first and final allowance of compensation for legal services rendered by the applicant to the Trustee during the period between January 6, 2017 through February 6, 2018.

        2.     The Application for allowance for compensation seeks the entry of an Order

awarding professional fees in the amount of $324,967.50, and reimbursement of out-of-pocket expenses incurred on behalf of special counsel for the Trustee in the amount of $11,525.00, as more particularly described below and as set forth in "Exhibit A" annexed hereto.  The Order authorizing the Trustee to retain special counsel, which appears on the Court's electronic docket at No. 208, provided, in pertinent part, that the Trustee was authorized to retain BES on a contingency fee basis allowing it to seek 33.33% of a recovery, provided that BES was successful in obtaining a recovery.

3. BES was successful in assisting the Trustee in obtaining a settlement in the amount of $975,000 (the "Settlement Sum") which was memorialized in a stipulation of settlement for which the Trustee sought approval pursuant to Rule 9019 of the Bankruptcy Rules.  Assuming that the Court issues an Order approving the settlement, BES would be entitled to an award of compensation in the amount of $324,967.50.  Moreover, the Order authorizing BES retention also provides that it may seek reimbursement of expenses.

4. As part of its representation of the Trustee as special counsel, BES prepared, filed and served, the complaint (the "Complaint") against multiple defendants, to recover for the alleged breaches of obligations to the Debtor.  BES further discussed with the Trustee and his counsel, whether it would be appropriate to seek mediation in an effort to resolve this matter in the most cost effective manner for the estate.  Once the parties agreed to mediation, BES prepared a confidential position paper for the mediator's review.  Further, BES provided a mediation statement to facilitate the mediation discussions.

5. After reaching a resolution which resulted from the mediation, BES negotiated the terms memorialized in the stipulation of settlement.  BES drafted the stipulation of settlement as well as the application seeking approval of the stipulation.

6. In support of the application for the Order Authorizing Retention of Counsel to the Trustee, counsel submitted an Affidavit of No Adverse Interest.

7. This firm includes the following items in the calculation of its overhead and operating expenses which are included in the firm's hourly rates:

    a. secretarial time

    b. receipt and transmission of facsimiles

    c. telephone calls (excluding frequent long distance telephone calls)

    d. postage for correspondence and litigation documents, other than those which require significant or exceptional mailings

    e. photocopies for correspondence and litigation documents, other than those which require significant or exceptional photocopying;

8. Those items which are not included in the overhead of the firm are as follows:

    a. parking, train and subway fare for Court appearances

    b. extraordinary expenses for copying and postage (i.e. the printing of plans, disclosure statements and other lengthy motions which must be served on the entire creditor body)

    c. overnight mail expenses (i.e. Federal Express, UPS).

9. As this Court is aware, 11 U.S.C. §330 was enacted to increase the attorney fees awarded to attorneys in bankruptcy cases so that quality bankruptcy counsel would be attracted to practice in the bankruptcy field. The legislative statement to Section 330 states as follows:

> Section 330(a) contains the standard of compensation adopted in H.R. 8200 as passed by the House rather than the contrary standard contained in the Senate amendment. Attorneys' fees in bankruptcy cases can be quite large and should be closely examined by the Court. However, bankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this Section is to compensate attorneys and other professionals serving

in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under a Title 11. Contrary language in the Senate report accompanying S. 2266 is rejected and Massachusetts Mutual Life Insurance Company v. Brock (citations omitted) is overruled. Notions of economy of the estate and fixing fees are outdated and have no place in the Bankruptcy Code.

## PREVIOUS RELIEF

10. No previous application for the relief sought has been made to this, or any other Court.

WHEREFORE, Bragar, Eagel & Squire, P.C., as special counsel to the Trustee, respectfully requests, that this Honorable Court enter an Order, awarding professional fees in the amount of $324,967.50, and reimbursement of expenses in the amount of $11,525.00, as a first and final award of compensation, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
February 6, 2018

        Rosen, Kantrow & Dillon, PLLC
        Counsel to Allan B. Mendelsohn, Trustee

BY:  S/Fred S. Kantrow
       Fred S. Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       fkantrow@rkdlawfirm.com