Rosen & Kantrow, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

HI-TEMP SPECIALTY METALS, INC.,

Case No.: 16-72767-las
Chapter 7

Debtor.
----------------------------------------------------------------x

**FIRST AND FINAL APPLICATION OF ROSEN & KANTROW, PLLC, SUCCESSOR IN INTEREST TO ROSEN, KANTROW & DILLON, PLLC AS COUNSEL TO CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328 AND 330 OF THE UNITED STATES BANKRUPTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO:  THE HONORABLE LOUIS A. SCARCELLA
     UNITED STATES BANKRUPTCY JUDGE

Rosen & Kantrow, PLLC, successor in interest to Rosen, Kantrow & Dillon, PLLC ("Law Firm"), as counsel to Allan B. Mendelsohn, as Chapter 7 trustee ("Trustee") for the estate of Hi-Temp Specialty Metals, Inc., debtor ("Debtor"), submits this as and for its first and final application ("Application") seeking entry of an Order authorizing Law Firm's allowance of compensation and reimbursement of out-of-pocket expenses incurred in its representation of Trustee in his administration of Debtor's estate, and respectfully represents as follows:

## SUMMARY

1.  This Application is made under Sections 327, 328 and 330 of Title 11, United States Code ("Bankruptcy Code") and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") for a first and final allowance of compensation and reimbursement of expenses for legal services rendered by Law Firm to the Trustee during the period from November 23, 2016 through April 16, 2019.

2. Law Firm, in its representation of Trustee in Debtor's estate, incurred fees in the sum of $34,937.50 and expenses in the sum of $3,667.01, which total $38,604.51.

3. The fees and expenses of Law Firm are more particularly described below and as set forth in Law Firm's time records ("Time Records"), a true copy of which is annexed hereto as Exhibit "A". Law Firm's Time Records are provided hereto, in accordance with the guidelines established by the Office of the United States Trustee.

4. By Order dated November 30, 2016, which appears on the Court's electronic docket at Doc. No. 179, this Court authorized Trustee to retain Law Firm, effective as of January 19, 2018, as his attorneys ("Retention Order"). A true and accurate copy of the Retention Order is annexed hereto as Exhibit "B".

5. In support of the application for the Retention Order, Law Firm submitted an affidavit of no adverse interest. The attorneys at Law Firm who assisted and provided services to Trustee are as follows:

- Avrum J. Rosen (abbreviated as "AJR" in Time Records). Mr. Rosen is a 1984 graduate of Hofstra Law School. Mr. Rosen was a member of the Hofstra Law Review and an Assistant Editor of said Review. Mr. Rosen was admitted to practice before the Courts of this State in 1984 and admitted to practice before this Court in 1985. In addition, Mr. Rosen is admitted to practice before the United States Court of Appeals for the Second Circuit.

- Fred Kantrow (abbreviated as "FK" in Time Records). He is a 2003 graduate, *magna cum laude,* of Touro Law Center. Mr. Kantrow was a member of the Touro Law Review and a research Editor of the said Review. Mr. Kantrow previously clerked for a Bankruptcy Judge in the Eastern District of New York. He was admitted to practice to both the Courts of this State as well as this Court in 2004. Mr. Kantrow has been associated with this firm since August, 2004, and became a shareholder of the firm in February, 2008.

- Scott T. Dillon (abbreviated as "SD" in Time Records). Mr. Dillon is a 2005 graduate of Touro Law Center. Mr. Dillon was a member of the Touro Law Review and served as Senior Editor of said

Review. He was admitted to practice to the Courts of this State and this Court in 2006. Mr. Dillon has been associated with the Law Firm since September, 2013, and became a shareholder of Law Firm in October 2016.

## ALLOWANCE OF COMPENSATION

6. The professional services rendered by Law Firm to Trustee required the expenditure of substantial time and effort. Law Firm prosecuted several adversary proceedings and engaged in an extensive review of the Debtor's financials, at the direction and request of the Trustee. Law Firm assisted Trustee in supervising retention of special counsel engaged to prosecute certain actions for the benefit of the creditors of the estate. In addition, Law Firm assisted the Trustee in reviewing documents and determining potential recoveries for the estate. As set forth in Exhibit "A", during the pendency of this Chapter 7 case, Law Firm expended 66.70 hours in rendering legal services to Trustee, having an aggregate monetary value of $34,937.50. Law Firm's blended hourly rate in this case is $523,80, based upon the total hours worked and rate of each attorney. The professional services rendered by Law Firm on behalf of Trustee were necessary and appropriate and were of material benefit to Trustee and Debtor's estate.

7. Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award: "(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement of actual, necessary expenses." *11 U.S.C. § 330(a)(1)*.

8. Section 330(a)(3) of the Bankruptcy Code directs this Court to consider the nature, extent and value of the services by taking into account relevant factors, which include: (i) the time spent on such services; (ii) the rates charged for such services; (iii) whether the services were necessary in the administration of, or beneficial at the time at which services were rendered toward the completion or, a case under the Code; (iv) whether the services were performed within a

reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (vi) whether the compensation is reasonable based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *11 U.S.C. § 330(a)(3).*

9. Under the Second Circuit standard, an award of fees to professional is a prospective one, not based on hindsight, but rather based upon what services a reasonable lawyer would render under the circumstances. *See, e.g., In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 77 (2d Cir. 1996). Respectfully, the benefits achieved here only serve to highlight that an award is appropriate, in that Trustee, through Law Firm's acts, was able to negotiate a substantial settlement with Debtor, as described below.

10. Bankruptcy Code Section 330 was enacted to increase the attorney fees awarded to attorneys in bankruptcy cases so that quality bankruptcy counsel would be attracted to practice in the bankruptcy field. The legislative statement to Section 330 states as follows:

> Section 330(a) contains the standard of compensation adopted in H.R. 8200 as passed by the House rather than the contrary standard contained in the Senate amendment. Attorneys' fees in bankruptcy cases can be quite large and should be closely examined by the Court. However, bankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this Section is to compensate attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under a Title 11. Contrary language in the Senate report accompanying S. 2266 is rejected and Massachusetts Mutual Life Insurance Company v. Brock (citations omitted) is overruled. Notions of economy of the estate and fixing fees are outdated and have no place in the Bankruptcy Code.

11. The bankruptcy rates charged by this firm are the same rates charged by this firm for non-bankruptcy matters. The fees charged in this case, to wit: $425.00 - $575.00 per hour for

partners' time, and $395.00 - $425.00 per hour for associates' time, are well within the range of fees charged both in and out of the bankruptcy court in the New York metropolitan area. Law Firm has previously been awarded fees for its representation of trustees, at similar rates in the Chapter 7 cases of: JNJ Restaurant Supplies, Inc., Case No.: 12-45250-ess; Faizal Subhan, Case No.: 13-42187-nhl; Blue Ruby Properties, LLC, Case No.: 15-41023-ess; Abarrotes Mexicano Wholesale, Inc., Case No.: 14-43186-ess; Gator Enterprises, Inc., Case No.: 13-45564-nhl; Dina Semacaritt, Case No.: 13-43767-cec; GDH Capital Corp., Case No.: 14-71332-ast; Nelson Bloom, Case No.: 10-15268-ess; Miron Building Supply, LLC, Case No.: 09-50285-ess; Cool Sheet Metal, Inc., Case No.: 13-74652-ast; MCO Car Wash, Inc., Case No.: 14-73345-reg; Precise Voting, LLC, Case No.: 14-75281-reg; Ayelet C. Ellituv, Case No.: 14-75285-las. This Court is undoubtedly aware of the respective hourly rates charged by bankruptcy firms in the New York metropolitan area and it is requested that this Court take judicial notice of the fact that this firm's rates are below the rates charged by many area firms.

12. In compliance with the Office of the United States Trustee guidelines, the certification of Fred S. Kantrow, Esq., is being submitted contemporaneously herewith, attesting that the time records (annexed hereto as Exhibit "A") set forth in detail and in appropriate time increments the services that Law Firm performed on behalf of Trustee and Debtor's estate. The dates upon which such services were rendered, the nature of such services, time spent and the identity of the professional or paraprofessional who rendered such services, are all indicated.

13. Law Firm respectfully submits that application of the foregoing criteria more than justifies allowing and awarding payment of the compensation requested in this Application since the number of hours expended and the hourly rates of Law Firm are more than reasonable.

## **BACKGROUND**

14. Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code on June 22, 2016 (the "Petition Date"). By Order dated October 26, 2016, the Court converted the case from one under chapter 11 to one under chapter 7. Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as the permanent Trustee.

15. At the direction of the Trustee, the Law Firm undertook a review of the Debtor's petition and schedules; proofs of claim; books and records and the like, in order to advise the Trustee as to whether the estate had potential causes of action to prosecute for the benefit of the creditors.

16. In consultation with the Trustee and special counsel, the Trustee determined that the estate had a cause of action to prosecute to recover damages sustained by the Debtor based upon the actions of the former directors and officers of the Debtor. Law Firm assisted the Trustee in retaining special counsel and interacted with special counsel to advise on the bankruptcy issues related to the prosecution.

17. Law Firm assisted in the drafting of pleadings in the Bankruptcy Court. Law Firm also assisted the Trustee in reviewing the pleadings of special counsel and the consideration of the proposed settlements offered in connection with the prosecution.

18. Law Firm prepared the applications for compensation for the special counsel retained in the case.

## MISCELLANEOUS SERVICES AND GENERAL APPEARANCES

18. Law Firm reviewed relevant documents filed in connection with Debtor's bankruptcy case.

## REIMBURSEMENT OF DISBURSEMENTS

19. Law Firm seeks reimbursement and payment in the amount of $3,667.01 for disbursements ("Disbursements") incurred by Law Firm on behalf of Trustee during the administration of Debtor's case. The requested payment represents one hundred percent (100%) of the Disbursements incurred during the first and final fee period.

20. At various times throughout the administration of this case, it became necessary for Law Firm to expend certain funds to allow for the efficient and proper administration thereof. An itemization of the Disbursements for the fee period is set forth in Exhibit "A". Law Firm respectfully submits that its Disbursements were fair, reasonable and necessary to the administration of this estate. Law Firm further submits that its reimbursement of these Disbursements comports with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and US Trustee Guidelines.

21. Law Firm includes the following items in the calculation of its overhead and operating expenses which are included in the Firm's hourly rates, and thus are *not* included as disbursements:

    a.    secretarial time;

    b.    receipt and transmission of facsimiles;

    c.    telephone calls (excluding frequent long distance telephone calls);

    d.    postage for correspondence and litigation documents, other than those which require significant or exceptional mailings; and

    e.    photocopies for correspondence and litigation documents, other than those which require significant or exceptional photocopying.

22. Those items which are not included in the overhead of Law Firm are as follows, and thus are included as disbursements in Law Firm's time records annexed hereto, for which reimbursement is sought herein:

    a. parking, train and subway fare for Court appearances;

    b. extraordinary expenses for copying and postage (i.e. the printing of plans, disclosure statements and other lengthy motions which must be served on the entire creditor body); and

    c. overnight mail expenses (i.e. Federal Express, UPS).

## NO PRIOR REQUEST

23. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Rosen & Kantrow, PLLC, as successor in interest to Rosen, Kantrow & Dillon, PLLC, as counsel to Trustee, respectfully requests entry of an Order, awarding fees in the amount of $34,937.50, and expenses in the sum of $3,667.01, which total amount of $38.604.51, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
       April 16, 2019

                                  Rosen & Kantrow, PLLC
                                  *Attorneys for Allan B. Mendelsohn, Trustee*

                                By:  <u>S/Fred S. Kantrow</u>
                                  Fred S. Kantrow
                                  38 New Street
                                  Huntington, New York 11743
                                  (631) 423-8527
                                  fkantrow@rkdlawfirm.com

Rosen & Kantrow, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                                                                            Case No.: 16-72767-las

HI-TEMP SPECIALTY METALS, INC.,               Chapter 7

                          Debtor.
-------------------------------------------------------------x

**CERTIFICATION OF FRED S. KANTROW, ESQ. AS TO THE FINAL APPLICATION OF ROSEN, KANTROW & DILLON, PLLC, COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328, 329 AND 331 OF THE BANKRUPTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AS REQUIRED BY THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE <u>EASTERN DISTRICT OF NEW YORK AND GENERAL ORDER 613</u>**

To:    HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE

Fred S. Kantrow, Esq., an attorney duly admitted to practice before the Courts of the State of New York and before this Honorable Court and the professional ("Certifying Professional") designated by applicant, Rosen & Kantrow, PLLC, as successor in interest to Rosen, Kantrow & Dillon, PLLC ("Applicant") with the responsibility in this particular case for complying with the Amended Guidelines pursuant to the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, and General Order 613, affirms the following to be true under the penalties of perjury, and states as follows:

1.    Certifying Professional has read Applicant's application seeking entry of an Order authorizing Law Firm's allowance of compensation and reimbursement of out-of-pocket expenses incurred related to its representation of Allan B. Mendelsohn, Chapter 7 trustee (the "Trustee") in the above captioned estate.

2. Applicant incurred professional fees in the amount of $34,937.50, on account of 66.70 hours of services rendered and expenses in the sum of $3,667.01, which total $38,604.51, related to its representation of the Trustee in this estate.

3. To the best of Certifying Professional's knowledge, information and belief formed after a reasonable inquiry, the fees and disbursements sought fall within these Amended Guidelines as well as those Guidelines established by the Office of the United States Trustee, except to the extent that the application specifically notes otherwise and is duly noted in this certification.

4. Except to the extent that fees or disbursements are prohibited by the Amended Guidelines or Guidelines established by the Office of the United States Trustee, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

5. In providing a reimbursable service, Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third party.

6. Certifying Professional further states that Applicant provided Trustee with billing updates on a periodic basis, in order to continually keep Trustee apprised of the accrual of fees and disbursements incurred by the estate during the pendency of this case. These periodic updates provided Trustee a list of professionals and paraprofessional that have and continue to provide services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of the services rendered, a reasonably detailed breakdown of the fees and disbursements incurred and an explanation of billing practices.

7. Certifying Professional further states that the Trustee, the Court and the Office of the United States Trustee have each been provided with a copy of the Application seeking an award

of reimbursement of expenses, more than twenty-one (21) days before the date set by the Court for the hearing on the Application.

Dated: Huntington, New York
      April 16, 2019

                                  BY:    S/Fred S. Kantrow
                                            Fred S. Kantrow, Esq.
                                            Certifying Professional

Rosen & Kantrow, PLLC
38 New Street
Huntington, NY 11743

Invoice submitted to:
Estate of Hi-Temp Speciality Metals, Inc.
C/O Allan B. Mendelsohn, Trustee
38 New Street
Huntington, NY 11743

April 15, 2019

Invoice #11043

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| **Asset Analysis and Recovery** | | | | |
| 12/15/2016 | SD | meeting with FK and Trustee regarding moving forward with asset recovery | 0.40 425.00/hr | 170.00 |
| | SUBTOTAL: | | [ 0.40 | 170.00] |
| **Litigation** | | | | |
| 12/1/2016 | FK | phone call with Larry Eagle, Esq., regarding potential D&O claims and representation of the estate | 0.20 525.00/hr | 105.00 |
| | FK | email to Pepper Hamilton regarding D&O policy information | 0.20 525.00/hr | 105.00 |
| 12/8/2016 | FK | draft and file limited objection to CAPI stay relief | 1.90 525.00/hr | 997.50 |
| 5/15/2017 | FK | phone call with special counsel in the D&O claim and lender liability claim | 0.50 525.00/hr | 262.50 |
| 6/7/2017 | FK | research issues regarding secured creditor's right to unearned insurance premium refund and draft and file objection to Wells Fargo motion for turnover | 4.20 525.00/hr | 2,205.00 |
| | SD | Review and revise objection to Wells Fargo motion for turnover | 0.40 425.00/hr | 170.00 |

Estate of Hi-Temp Speciality Metals, Inc.                                        Page    2

|              |     |                                                                                                                                                                                                 | Hrs/Rate          | Amount     |
| ------------ | --- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ----------------- | ---------- |
| 7/11/2017    | FK  | phone call with counsel for secured creditor and meeting with trustee to discuss same as to the D&O litigation                                                                                                    | 0.30 525.00/hr    | 157.50     |
| 8/16/2017    | FK  | phone call with special counsel regarding D&O complaint, review of complaint and text with trustee to confirm that complaint should be filed                                                                      | 1.90 525.00/hr    | 997.50     |
| 9/27/2017    | FK  | phone call with Larry Eagle, Esq. in connection with D&O policy issues and review motion filed by defendants for stay relief and ability to access funds for defense (1);' review of cases in connection with same (1.8) | 2.80 525.00/hr    | 1,470.00   |
| 9/28/2017    | FK  | research cases providing for objection to defendants waste of D&O policy for defense costs                                                                                                                        | 2.50 525.00/hr    | 1,312.50   |
|              | FK  | draft and file response to defendants' motion to access D&O Policy for defense costs                                                                                                                              | 3.20 525.00/hr    | 1,680.00   |
| 10/23/2017   | FK  | phone call with Tom Draghi, Esq. counsel to a D&O defendant regarding accessing the policy and extending time to answer; send email to Larry Eagel regarding this issue and discuss with trustee                  | 0.50 525.00/hr    | 262.50     |
| 11/6/2017    | FK  | review and sign application and stipulation to allow D&O defendants Farrel and Mathew to access policy for defense costs                                                                                          | 0.50 525.00/hr    | 262.50     |
| 1/10/2018    | FK  | review of mediation statements in connection with D&O Claims                                                                                                                                                      | 1.00 525.00/hr    | 525.00     |
| 2/7/2018     | FK  | prepare notice of motion to approve settlement of D&O litigation; prepare proposed Order approving D&O litigation; file with the court and prepare for service                                                    | 3.10 525.00/hr    | 1,627.50   |
| 2/22/2018    | FK  | phone call with Jon Helfat regarding DO settlement and Wells objection to the releases                                                                                                                            | 0.10 525.00/hr    | 52.50      |
| 3/1/2018     | FK  | meeting with trustee regarding Wells Fargo objection to the 9019 of the D&O adversary pro                                                                                                                         | 0.70 525.00/hr    | 367.50     |
| 4/19/2018    | FK  | phone call with trustee and Larry Eagel special counsel in the D&O case regarding the objection to the proposed settlement and how to proceed                                                                     | 0.50 525.00/hr    | 262.50     |
| 5/2/2018     | FK  | draft and file letter of adjournment as to 9019 with Smokovich et al                                                                                                                                              | 0.20 525.00/hr    | 105.00     |
| 6/11/2018    | FK  | revised 9019 order as to D&O settlement                                                                                                                                                                           | 0.90 525.00/hr    | 472.50     |
|              |     | SUBTOTAL:                                                                                                                                                                                                         | [    25.60        | 13,400.00] |

Estate of Hi-Temp Speciality Metals, Inc.                                                                                  Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  | **Meetings of Creditors** |  |  |  |
| 12/7/2016 FK | attend HiTemp 341 |  | 1.50<br>525.00/hr | 787.50 |
|  | SUBTOTAL: | [ | 1.50 | 787.50] |
|  | **Relief from Stay Proceedings** |  |  |  |
| 12/1/2016 FK | email to counsel for Wells Fargo and CAPI regarding the CAPI stay relief motion and trustee's reservation of rights |  | 0.20<br>525.00/hr | 105.00 |
| 12/19/2016 FK | emails and review of proposed order granting relief that was denied by the court for CAPI<br>draft counter proposed order denying relief |  | 2.50<br>525.00/hr | 1,312.50 |
|  | SUBTOTAL: | [ | 2.70 | 1,417.50] |
|  | **Asset Disposition** |  |  |  |
| 6/13/2017 FK | court appearance on Wells Fargo motion for turnover of unearned insurance premiums |  | 1.80<br>525.00/hr | 945.00 |
|  | SUBTOTAL: | [ | 1.80 | 945.00] |
|  | **Case Administration** |  |  |  |
| 11/14/2016 FK | meeting with Stryker and his counsel regarding issues with debtor's property and right to recover assets |  | 3.50<br>525.00/hr | 1,837.50 |
| FK | meeting with Kilpatrick regarding contract with debtor |  | 0.30<br>525.00/hr | 157.50 |
| 12/1/2016 FK | meeting with Trustee and Scott Dillon to discuss case |  | 0.80<br>525.00/hr | 420.00 |
| 12/6/2016 FK | e-mails with Aaron Slavutin regarding lift stay |  | 0.60<br>525.00/hr | 315.00 |
| 12/7/2016 FK | Review of amended lift stay stipulation and order ; e-mails with A. Slavutin |  | 0.50<br>525.00/hr | 262.50 |
| FK | research issues regarding to Valene Realty and leave review of lease |  | 1.30<br>525.00/hr | 682.50 |
| 12/8/2016 FK | draft and file administrative bar date application |  | 1.70<br>525.00/hr | 892.50 |

Estate of Hi-Temp Speciality Metals, Inc.                                                                 Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/15/2016 | FK | court appearance hearing on interim professional fees for chapter 11 and motion for stay relief filed by CAPI | 2.00<br>525.00/hr | 1,050.00 |
| 12/21/2016 | FK | draft letter to AIG regarding notice of D&O claim | 0.50<br>525.00/hr | 262.50 |
| 1/9/2017 | FK | meeting with trustee regarding WF UCC sale and notice to terminate utilities and DO claims | 1.20<br>525.00/hr | 630.00 |
| 1/19/2017 | FK | review of mortgage documents provided by Valerie | 1.30<br>525.00/hr | 682.50 |
| 3/8/2017 | FK | review of emails from Helfat regarding PFA and whether refund is property of the estate or covered by Weiss Fargo collateral, send email regarding trustee's position | 0.60<br>525.00/hr | 315.00 |
| 3/29/2017 | FK | review of loan payment demand as to insurance policy held by debtor | 0.30<br>525.00/hr | 157.50 |
|  | FK | email with Jon Helfat, Esq. regarding unearned insurance premium and property of the estate | 0.20<br>525.00/hr | 105.00 |
| 3/30/2017 | FK | draft and file 2004 application for documents from Northwestern Mutual in relation to life insurance and loan proceeds | 1.40<br>525.00/hr | 735.00 |
| 5/2/2017 | FK | court appearance motion for 2004 exam of Northwestern Mutual | 0.50<br>525.00/hr | 262.50 |
| 5/5/2017 | FK | prepare 2004 order and subpoena for service on Northwestern Mutual | 0.50<br>525.00/hr | 262.50 |
| 5/18/2017 | FK | deposition of Valerie Real Estate | 1.00<br>525.00/hr | 525.00 |
|  | FK | phone call with counsel to BPL lender to Valerie regarding stip | 0.30<br>525.00/hr | 157.50 |
| 5/30/2017 | FK | phone call with counsel for mortgagee regarding stipulation and relief from stay | 0.20<br>525.00/hr | 105.00 |
| 8/28/2017 | FK | draft and file 2004 application for American Express | 0.90<br>525.00/hr | 472.50 |
| 9/19/2017 | FK | court appearance on application to approve 2004 of Amex | 0.50<br>525.00/hr | 262.50 |
| 2/15/2018 | FK | emails with Howard Felstein regarding debtor's books and records | 0.20<br>525.00/hr | 105.00 |
|  |  | SUBTOTAL: | [    20.30 | 10,657.50] |

Estate of Hi-Temp Speciality Metals, Inc.                                                                                    Page    5

|            |    |                                                                                                                                                                       | Hrs/Rate          | Amount    |
|------------|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|-----------|
| **Fee/Employment Applications** | | | | |
| 11/23/2016 | FK | draft and file application to retain RKD as counsel to trustee                                                                                                        | 0.60<br>525.00/hr | 315.00    |
| 11/29/2016 | FK | review of fee application of debtor's counsel, call to debtor's counsel; call with US Trustee regarding the fee applications, email back to debtor's counsel regarding position of trustee and US Trustee as to final fee application at this time | 1.50<br>525.00/hr | 787.50    |
| 12/6/2016  | FK | Review Eagle retainer and e-mails to committee's counsel regarding D&O issues                                                                                         | 1.20<br>525.00/hr | 630.00    |
| 12/9/2016  | FK | draft retention application for Eisner Amper as trustee's accountant and send to David Ringer, CPA for review and signature                                           | 1.70<br>525.00/hr | 892.50    |
| 12/22/2016 | FK | draft retention application to retain Eagel as special counsel in connection with D&O claims                                                                          | 2.00<br>525.00/hr | 1,050.00  |
| 1/6/2017   | FK | draft and file application to retain Eisner Amper as trustee's accountant                                                                                             | 1.20<br>525.00/hr | 630.00    |
|            | FK | draft and file application to retain Eagel as special counsel with D&O policy claims                                                                                  | 1.30<br>525.00/hr | 682.50    |
| 1/31/2017  | FK | court appearance on motion to retain accountant and special counsel                                                                                                   | 1.30<br>525.00/hr | 682.50    |
| 1/9/2018   | FK | draft affidavit for Citrin Cooperman retention as accountants to trustee                                                                                              | 1.20<br>525.00/hr | 630.00    |
| 2/6/2018   | FK | draft fee application for special counsel and certification                                                                                                           | 1.20<br>525.00/hr | 630.00    |
| 5/16/2018  | FK | review of fee application for special counsel in connection with Wells Fargo action; prepare notice of motion and prepare for service                                 | 1.20<br>525.00/hr | 630.00    |
|            |    | SUBTOTAL:                                                                                                                                                             | [   14.40         | 7,560.00] |
|            |    | For professional services rendered                                                                                                                                    | 66.70             | $34,937.50|

Additional Charges :

**Litigation**

| 1/31/2017 | postage charge to various letters from 1/1/7 to 1/31/17 | 6.32  |
|-----------|---------------------------------------------------------|-------|
| 3/4/2017  | FEDEX charge for overnight mail to Bragar Eagel & Squire| 20.91 |

Estate of Hi-Temp Speciality Metals, Inc.                                                                             Page    6

|            |                                                                                                          | Amount |
|------------|----------------------------------------------------------------------------------------------------------|-------:|
| 3/10/2017  | PACER charges for October, November, December, 2016                                                      |  87.20 |
| 3/30/2017  | photocopy charge to copy Northwestern 2004 order, subpoena, schedule; 110 pages @ $.10 per page          |  11.00 |
|            | postage charge to mail Northwestern 2004 order, subpoena, schedule                                       |  26.18 |
| 3/31/2017  | Pacer charges for the months of January, February and March, 2017                                        |  46.70 |
| 4/28/2017  | postage charge for various correspondence from 4/1/17 to 4/28/17                                         |   1.19 |
| 5/1/2017   | Photocopy charge to copy 2004 Order to Northwestern 5/5/17; 10 pages @ .10 per page                      |   1.00 |
|            | Postage charge to mail 2004 Order to Northwestern 5/5/17                                                 |   1.34 |
| 5/18/2017  | Veritext charge for transcript of deposition of Valerie Realty; Invoice #NY2985986                       | 328.55 |
| 6/1/2017   | Postage charge for various correspondence to C. Gruen, Esq. on 6/9/17                                    |   0.46 |
| 8/22/2017  | PACER charge for April, May and June, 2017                                                               |  23.60 |
| 8/28/2017  | Postage charge to mail 2004 motion (AMEX)                                                                |   5.06 |
|            | Photocopy charge to copy 2004 motion (AMEX); 110 pages @ $.10 per page                                   |  11.00 |
| 9/9/2017   | FEDEX charge for overnight mail to Pryor & Mandelup                                                      |  28.22 |
| 9/30/2017  | PACER charges for the months of July, August, September, 2017                                            |   5.70 |
|            | Postage charge to mail response to Smokovich's motion                                                    |   5.52 |
|            | Photocopy charge to copy response to Smokovich's motion; 24 pages @ $.10 per page                        |   2.40 |
|            | Photocopy charge to copy 2004 order, subpoena and schedule to Amex Datamark; 5 pages @ $.10 per page     |   0.50 |
|            | Postage charge to mail 2004 order, subpoena and schedule to Amex Datamark                                |   0.67 |
|            | Postage charge to mail correspondence to Pryor Mandelup via priority mail                                |   6.65 |
| 4/24/2018  | PACER charges for October, November, December, 2017                                                      |   2.20 |
| 4/27/2018  | Postage charge to mail letter with documents to R. Pryor on 2/6/18                                       |   7.90 |
|            | Postage charge to mail 9019 motion v Smokovich et al and fee application on 2/9/18                       | 285.38 |
|            | Postage charge to mail legal documents to R Pryor on 2/12/18                                             |   7.90 |
|            | Postage charge to mail various correspondence in 1/2018                                                  |   3.26 |

Estate of Hi-Temp Speciality Metals, Inc.                                                                 Page    7

|  |  | Amount |
|---|---|---:|
| 5/3/2018 | Photocopy charge to copy 9019 motion v Smokovich on 2/9/18; 4,004 pages @ $.10 per page | 400.40 |
|  | Photocopy charge to copy fee application of BES on 2/9/18; 1,573 pages @ $.10 per page | 157.30 |
| 5/16/2018 | Photocopy charge for 9019 motion v Wells Fargo; 3,753 pages @ $.10 per page | 375.30 |
|  | Photocopy charge for Pollack & Flanders fee app; 2,919 pages @ $.10 per page | 291.90 |
|  | Postage charge for 9019 motion v WF & Pollack & Flanders fee application | 316.49 |
|  | SUBTOTAL: | [ 2,468.20] |

Case Administration

|  |  |  |
|---|---|---:|
| 12/15/2016 | Photocopy charge to copy bar date order; 508 pages @ $.10 per page | 50.80 |
|  | Postage charge to mail bar date order | 69.89 |
| 4/26/2018 | title report 70 Crane property | 461.66 |
|  | SUBTOTAL: | [ 582.35] |

Fee/Employment Applications

|  |  |  |
|---|---|---:|
| 1/9/2017 | postage charge to mail motion to retain special counsel and to retain account (includes international postage) | 235.46 |
|  | photocopy charge to copy motion to retain special counsel; 2,413 pages @ $.10 per page | 241.30 |
|  | photocopy charge to copy motion to retain accountant; 1,397 pages @ $.10 per page | 139.70 |
|  | SUBTOTAL: | [ 616.46] |
|  | Total additional charges | $3,667.01 |
|  | Total amount of this bill | $38,604.51 |
|  | Balance due | $38,604.51 |

Rosen & Kantrow, PLLC
38 New Street
Huntington, NY 11743


Invoice submitted to:
Estate of Hi-Temp Speciality Metals, Inc.
C/O Allan B. Mendelsohn, Trustee
38 New Street
Huntington, NY 11743


April 16, 2019


Invoice #11043


Professional Services

|  | Hrs/Rate | Amount |
|---|---:|---:|
| Fred Kantrow | 65.90<br>525.00/hr | 34,597.50 |
| Scott Dillon | 0.80<br>425.00/hr | 340.00 |
| For professional services rendered | 66.70 | $34,937.50 |

Additional Charges :

| | |
|---|---:|
| $expense | 3,597.12 |
| Postage | 69.89 |
| Total additional charges | $3,667.01 |
| Total amount of this bill | $38,604.51 |
| Balance due | $38,604.51 |